INTER-STATE MACHINERY CORPORATION, PLAINTIFF, v. OLIMPIO AGABITI AND ARMANDO AGABITI, TRADING AS AGABITI BROTHERS, DEFENDANTS.

Submitted October 17, 1930—Decided January 21, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the plaintiff, *S. Lewis Davis.*

For the defendants, *J. Albert Homan.*

PER CURIAM.

The suit was on a promissory note made by the defendants to the plaintiff at three months for the sum of $2,314. The defense was that the note was a mere receipt in that the plaintiff had sold to the defendants a gasoline shovel of a new type for about $7,400, and had agreed to take in trade the defendant's old steam shovel at a value of $2,314 and $5,000 in cash, which was paid less discount. The defendants further claimed that the steam shovel had been left in their possession until such time as the plaintiff would be able to

make a sale of it, not over three months, and that in order to evidence that fact on paper the defendants, at the solicitation of plaintiff, made out and signed the note. Naturally, there was inquiry as to why it was a note instead of a receipt, or some paper which expressed the true situation, and the testimony indicated that the real difficulty in the case was a man named Corcoran, who held himself out, as claimed by consent of plaintiff, as being "general manager" of the company, although he held no stock in the company. According to the testimony of defendants, Corcoran, by using his powers of persuasion and by assuring the defendants that the note was merely formal and a substitute for the old steam shovel, induced them to sign it. Then he seems to have turned in the note to the corporation as though it were a straight transaction. At the trial the main questions of law related to the admission of evidence touching the extent of Corcoran's agency. His connection with the plaintiff as agent was admitted but the extent of his authority was denied. Another question of law was whether the trade in of the old machine was a transaction covered by the statute of frauds and invalid because not in writing. There is also the question of weight of evidence as to Corcoran's authority and what happened between him and the defendants, and the claim that the verdict was the result of passion and prejudice, and contrary of the charge of the court. We see no indications of passion and prejudice; and with respect to the charge of the court, it was entirely open to the jury under the charge to find the verdict that it found for the defendants on the main claim, and against the defendants on the counter-claim for the value of the old steam shovel; in other words, the jury left both parties where it found them.

The reasons are not very well framed  The first reason is that the court erred in admitting improper testimony to prove the authority of plaintiff's agent. This is most vague and indefinite and violates our recent rule that the reasons must state legal points with the precision required in grounds of appeal. Under this rule counsel copies into his brief about five pages of testimony bearing on the holding out of Cor-

coran as a general agent. We do not feel called upon to search in this long excerpt for testimony to support the reason.

Counsel challenges the allowance by the court of testimony that Corcoran told the defendants that he was agent and the extent of his authority. This was illegal, of course, but the sting was taken out of it by the production of Corcoran on the witness-stand and his testimony under oath to the same effect, which was, of course, competent.

The question of the statute of frauds may properly be answered on the theory that the transaction was an entire one involving the sale and delivery of a new steam shovel, and the payment of cash and the old one in lieu of cash.

The third reason assigned is the refusal to direct a verdict for the plaintiff. We are clear that there was a jury question and therefore there was no error in refusing to direct.

The last reason is that the verdict was against the weight of evidence. We do not think that it was.

On the whole we see no reason to disturb this verdict. Certain alleged testimony about the extent of Corcoran's authority is invoked in support of this reason, but we are unable to find it at the place cited in the brief or elsewhere in the case.

The rule will be discharged.